# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| SHERRY D. FARMER, )<br>)<br>      Plaintiff, )<br>)<br>)<br>vs. )<br>)<br>)<br>)<br>JO ANNE B. BARNHART, )<br>**Commissioner of Social Security,** )<br>)<br>      Defendant. ) | **CASE NO. 2:06-0052**<br>**JUDGE NIXON/KNOWLES** |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Defendant's "Motion to Dismiss" this Social Security Appeal, made pursuant to Fed. R. Civ. P. 12(b)(1). Docket No. 12. Defendant has submitted a supporting Memorandum of Law (Docket No. 13) and the Declaration of Earnest Baskerville (Docket No. 14).

Plaintiff has not filed a Response to the Motion. Pursuant to Local Rule 7.01(b), "Failure to file a timely response shall indicate that there is no opposition to the motion."

Defendant's Motion is based upon an argument that Plaintiff did not timely commence this action. The parties agree that the Appeals Council of the Social Security Administration rendered its final decision denying Plaintiff benefits on March 25, 2006.

The parties further agree that this Court has jurisdiction to review the final decision of the Secretary of Health and Human Services, upon the bringing of a civil action within sixty (60) days after mailing to the claimant a Notice of an adverse decision, pursuant to Section 205(g) of

the Social Security Act, as amended (42 U.S.C. § 405(g)). The Complaint in this action was filed on June 6, 2006. That date is beyond the sixty (60) day deadline set forth in Section 205(g).

As Defendant argues, the United States is immune from suit, unless it consents to be sued. *Lehmen v. Nakshian,* 453 U.S. 156, 160 (1981) (citations omitted). Congress may prescribe the procedures and conditions under which, and the courts in which, judicial review of Administrative Orders may occur. *Tacoma v. Taxpayers of Tacoma,* 357 U.S. 320, 336 (1958).

The relevant provisions of Section 205(g) are as follows:

> (g) Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days of the mailing to him of notice of such decision or within such further time as the Commissioner may allow. . . .
>
> (h) The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

The Commissioner has interpreted the term "mailing," as used in Section 205(g), as the date of receipt by the individual of the Appeal of Council's Notice of Denial of Request for Review of the ALJ's decision or Notice of the Appeal Council's decision. *See* 20 CFR § 404.981, 41 F.R. 53792, 20 CFR § 422.210(c). The date of receipt is presumed to be five days after the date of such Notice, unless there is a reasonable showing to the contrary made to the Appeals Council. 20 CFR §§ 404.901, 422.210(c).

The Declaration of Earnest Baskerville establishes that the Appeals Council's final

2

decision was mailed to Plaintiff on March 25, 2006. Additionally, the Declaration states, "The undersigned is not aware of any request for an extension of time to file a civil action as specified in said Notice and in Section 205(g) of the Social Security Act . . . ."

It is clear that Plaintiff's action was not timely filed. Therefore, this Court has no jurisdiction to hear this case.

For the foregoing reasons, the undersigned recommends that this action be DISMISSED WITH PREJUDICE.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

                                                                E. Clifton Knowles
                                                                 United States Magistrate Judge