**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **SHERRY D. FARMER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 2:06-0052** |
| | ) | **Judge Nixon** |
| **v.** | ) | **Magistrate Judge Knowles** |
| | ) | |
| **JO ANNE B. BARNHART,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Pending before the Court is Defendant's Motion to Dismiss for Lack of Jurisdiction

("Motion") (Doc. No. 12), accompanying Memorandum in Support (Doc. No. 13), and

Declaration of Earnest Baskerville (Doc. No. 14). Magistrate Judge Knowles has issued a Report

and Recommendation ("Report and Recommendation") (Doc. No. 15) that Defendant's Motion

be granted and the instant action be dismissed with prejudice. Plaintiff has not filed a Response

to Defendant's Motion, nor any objections to the Magistrate's Report and Recommendation.

Pursuant to Federal Rules of Civil Procedure 12(b)(1), Defendant moves the Court to

dismiss the instant action for lack of jurisdiction because Plaintiff did not timely commence this

action. As cause for dismissal, Defendant asserts that both parties have concurred that the

Appeals Council of the Social Security Administration rendered its final decision denying

Plaintiff's request for benefits on March 25, 2006. Further, Defendant contends that both parties

have agreed that this Court has jurisdiction to review the final decision of the Secretary of Health

and Human Services, upon the bringing of a civil action within sixty (60) days after mailing to the

-1-

claimant a Notice of an adverse decision, pursuant to Section 205(g) of the Social Security Act ("Act"), as amended (42 U.S.C. § 405(g)).

In the instant action, Plaintiff filed her Complaint on June 6, 2006 (Doc. No. 1) and did not request an extension of time to file her civil action, pursuant to Section 205(g) of the Act. See Doc. No. 14 at 3. Accordingly, Defendant claims that the date upon which Plaintiff filed her Complaint is beyond the sixty(60) day statutory deadline and no extraordinary circumstances exist in the instant action, which justify tolling the sixty (60) day requirement. See Bowen v. City of New York, 476 U.S. 467, 480 (1986).

As noted above, Plaintiff has not filed responsive pleadings to either Defendant's Motion or the Report and Recommendation.

After review of the pending pleadings, Report and Recommendation, and relevant statutory and case law, this Court adopts the reasoning of the Magistrate's Report and Recommendation in its entirety. Thus, this Court hereby **GRANTS** Defendant's Motion to Dismiss for Lack of Jurisdiction. This Order terminates the Court's jurisdiction over the above-styled action and the case is **DISMISSED** with prejudice.

It is so ORDERED.

Entered this the ___18___ day of ___May___, 2007.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

-2-